CARLTON, J.,
dissenting:
¶ 14. I respectfully dissent from the majority’s opinion. I find the trial court erred in denying McComb Nursing and Rehabilitation Center’s (McComb) motion for a directed verdict based on Masumi Lee’s failure to show proof of the essential elements for medical negligence.
¶ 15. Masumi filed a medical-negligence action against McComb after her now-deceased husband, Robert E. Lee, suffered injuries from a fall sustained at the nursing home. At trial, Masumi presented the testimony of Susan Lofton, an expert in the field of nursing. Lofton testified that McComb failed in its duty to complete the Fall Risk Assessment sheet in Robert’s chart after his fall, and Lofton opined that McComb had breached its standard of care in providing nursing services to Robert. Lofton also provided testimony establishing that the breach in McComb’s standard of care proximately caused Robert’s fall. Although the Mississippi Supreme Court has held that nurses may possess “the requisite knowledge, skill, experience, training, and education to be qualified as an expert in the field of nursing and [may be] qualified to testify concerning the standard of care and any deviations ... from that standard of care[,]” the court clarified that nurses are not qualified to testify regarding medical causation. Vaughn v. Miss. Baptist Med. Ctr., 20 So.3d 645, 650, 655 (¶¶ 15, 31) (Miss.2009). Therefore, I submit that Lofton lacked the requisite qualifications to testify as to causation in this case, and I submit her testimony fails to establish that McComb breached a standard of care and that breach proximately caused Robert’s injuries.
¶ 16. Masumi also called Dr. William Meeks to testify as a medical expert, es *781 tablishing that Robert fell and fractured his hip during his residency at McComb. However, Dr. Meeks testified, in his opinion, McComb did not breach the applicable standard of care when providing nursing-home services to Robert. Dr. Meeks, therefore, failed to provide testimony that McComb’s breach of duty proximately caused Robert’s injuries.
¶ 17. After reviewing the testimony of Lofton and Dr. Meeks, I find that Masumi failed to show proof of causation regarding her medical-negligence claim against McComb. McDonald, v. Mem’l Hosp. at Gulfport, 8 So.Sd 175, 180 (¶ 12) (Miss.2009)); see also Mid-South Retina, LLC v. Conner, 72 So.3d 1048, 1051 (¶ 8) (Miss.2011) (reaffirming that nurses cannot provide expert testimony in medical-negligence suits regarding causation). I would, therefore, reverse the trial court’s denial of McComb’s motion for a directed verdict and remand this case for further proceedings consistent with this separate opinion.